

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 15, 1991

Mr. Dennis R. Jones
Commissioner
Texas Department of Mental Health
  and Mental Retardation
P. O. Box 12668
Austin, Texas 78711-2668

Opinion No. DM-15

Re: Whether the Department of Mental Health and Mental Retardation may use certain funds to make architectural modifications to the private homes of its clients (RQ-2106)

Dear Mr. Jones:

You ask whether the Department of Mental Health and Mental Retardation (hereinafter, the "department") may use state-appropriated funds, other than those appropriated to administer article 5547-205, V.T.C.S., to make architectural modifications to the private homes of persons served by the department.

Section 5.04 of article 5547-205 provides, in part:

> (a) The department shall provide support to clients to compensate the clients for present and future expenses incurred to maintain in the community a mentally disabled family member or a mentally disabled person in an independent living situation, including:

> (1) the purchase or lease of special equipment or architectural modifications of a home to improve or facilitate the care, treatment, therapy, general living conditions, or access of a mentally disabled person;

> . . . .

> (d) Notwithstanding any other provision of this article, the duty of the department to provide services under this article is determined and limited by the funds specifically appropriated to administer this article.

You do not advise that there is any other statute that authorizes or directs the department to make architectural improvements to the homes of mentally disabled persons, nor are we aware of any. You refer us to your enabling legislation, specifically section 1.01(d) of article 5547-201, V.T.C.S. That section expresses the policy of the state "that mental health and mental retardation services be the responsibility of local agencies and organizations to the greatest extent possible." However, this section also provides that the "department will provide state-administered mental health and mental retardation services." We think that this general provision is intended to establish that the department is the state agency responsible for providing services at the state level, and not as a general grant of authority to provide services not otherwise authorized by law. Accordingly, the department may not use funds other than those appropriated to administer article 5547-205 to make architectural modifications to the private homes of persons served by the department.

## SUMMARY

The Department of Mental Health and Mental Retardation may not use funds other than those appropriated to administer article 5547-205, V.T.C.S., to make architectural modifications to the private homes of persons served by the department.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General